# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60323

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2016

Lyle W. Cayce
Clerk

JAMIE L. MILLER,

Plaintiff-Appellant

v.

COUNTY OF CHOCTAW; CLOYD HALFORD, Sheriff, Choctaw Sheriff Department; PEGGY R. MILLER, Choctaw Sheriff Department,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:15-CV-42

Before JOLLY, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Jamie L. Miller moves for leave to proceed in forma pauperis (IFP) on appeal. He filed a 42 U.S.C. § 1983 complaint alleging that the defendants wrongfully seized his personal property and ordered him to pay illegal fees to the Choctaw County Circuit Court. Documents attached to his complaint reflected that Miller had been notified of the seizure following his arrest on a drug charge and that the court costs were imposed following his conviction.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-60323

The district court dismissed his complaint with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and denied him leave to proceed IFP on appeal.

By moving to proceed IFP, Miller is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)). We may dismiss the appeal sua sponte under 5th Circuit Rule 42.2 if it is frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

The district court dismissed Miller's complaint as frivolous and certified that his appeal was not taken in good faith because his claims were barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). Miller does not challenge these reasons, but rather argues that the district court simply erred in denying his IFP motion. Pro se briefs are afforded liberal construction, *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993), but nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue. *Brinkmann v. Dall. Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Miller has therefore abandoned the critical issues of his appeal. *See id*. Thus, the appeal lacks arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Accordingly, Miller's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2.

The dismissal of the complaint and appeal in the instant proceeding as frivolous each count as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996); § 1915(e)(2)(B)(i), (g). Miller is WARNED

No. 15-60323

that if he accumulates a third strike under § 1915(g) he will not be allowed to proceed IFP in any civil action while incarcerated or detained unless he is in imminent danger of serious physical injury. *See* § 1915(g).